UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALVERNEST KENNEDY,

      Plaintiff,

      v.                              Case No. 25-CV-225

JOANNA BARON,

      Defendant.

---

## ORDER

---

Plaintiff Alvernest Kennedy is currently incarcerated at Racine Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. On June 15, 2026, the Court granted Defendant Joanna Baron's motion for summary judgment and dismissed the case. (ECF No. 60.) Judgment was entered the same day. (ECF No. 61.) On July 24, 2026, Plaintiff filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59 and 60.

Motions challenging the merits of the Court's ruling are considered under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Rule 59(e) motions request that the Court alter or amend judgments on the basis of a manifest error of law or newly discovered evidence. Fed. R. Civ. P. 59(e). A "manifest error" is not demonstrated by the disappointment of the losing party; it is the wholesale disregard, misapplication, or failure to recognize controlling precedent. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A motion under Rule 59(e) "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).

Rule 60(b), on the other hand, is "designed to address mistakes attributable to special circumstances, not to address erroneous applications of law." *Anderson v. Holy See*, 934 F. Supp. 2d 954, 958 (N.D. Ill. 2013). Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (internal citations omitted).

Plaintiff does not meet the standard for reconsideration under either Rule. With respect to Rule 59(e), Plaintiff's motion, which is signed and dated July 16, 2026, was filed more than 28 days after the Court entered judgment on June 15, 2026. (*See* ECF No. 61.) Because Plaintiff's motion is not timely, he is not entitled to relief under Rule 59(e).

Even if Plaintiff's Rule 59(e) motion was timely, he would still not be entitled to relief for the same reason his motion for relief under Rule 60(b) fails. The Court has reviewed its June 15, 2026, decision and Plaintiff's motion and concludes that there is no basis to alter the decision. Plaintiff's motion amounts to little more than disagreement with the Court's analysis and decision. As Plaintiff acknowledges, a motion for reconsideration is not a vehicle for relitigating the merits of the case or making arguments that could have been made before judgment was entered. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). In addition,

2

none of the six grounds for relief from judgment identified in Rule 60(b) apply in this case. Plaintiff has not demonstrated that he is entitled to relief. Therefore, the Court will deny his motion for reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (ECF No. 62) is **DENIED**.

Dated at Green Bay, Wisconsin on July 28, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

3